UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER JOHNSON,

        Petitioner,

   v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. C07-1315 JCC

    This matter comes before the Court on Petitioner's Notice of Removal (Dkt. No. 1), filed on August 22, 2007, whereby Petitioner sought to remove, under 28 U.S.C. § 1443, two criminal prosecutions currently pending against him in Snohomish County Superior Court. The Court finds that it does not have jurisdiction to consider Petitioner's removal petition and hereby DISMISSES this action, as follows.

    As the Court explained in a minute order issued on November 2, 2007, Petitioner's Notice of Removal contained information indicating that it was not timely. A Notice of Removal filed pursuant to § 1443 must comply with the procedures for removal established by 28 U.S.C. § 1446. *Johnson v. Mississippi*, 421 U.S. 213, 216 (1975). That statute provides for removal jurisdiction over a criminal prosecution only where the Notice of Removal is filed "not later than thirty days after the arraignment in

ORDER – 1

the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1446(c)(1). Both cause numbers for the cases Petitioner seeks to remove begin with the designation "06," indicating that they were originally filed in 2006, which would most likely make the petition for removal untimely, unless the Court entered an order granting Petitioner leave to file the notice at a later time for good cause.

Accordingly, on November 2, 2007, the Court ordered Petitioner to file with the Court further documentation demonstrating that his August 22, 2007 Notice of Removal was timely under § 1446(c)(1), or seek leave of the Court to file the notice at a later time upon a showing of good cause. (Dkt. No. 9.) Petitioner's Response did neither, instead, he objected to the Minute Order as "moot." (Dkt. No. 10.) Petitioner argues that because he has filed his removal petition "prior to trial," it is timely. (*Id.*) Petitioner misreads § 1446(c)(1). It does not allow for a timely notice of removal "any time before trial." It requires removal "not later than thirty days after the arraignment in the State court, *or* at any time before trial, *whichever is earlier*." 28 U.S.C. § 1446(c)(1). Thus, if Petitioner was arraigned in state court on the charges he seeks to remove more than thirty days prior to August 22, 2007, his petition is untimely, absent an order from the Court granting him leave to file the notice later for good cause.

Petitioner has been unwilling or unable to provide the Court with documentation demonstrating that his arraignment on the matters he seeks to remove took place within thirty days prior to August 22, 2007, nor has he demonstrated good cause for seeking removal later. As such, the Court is unable to find it has jurisdiction over the removal petition and hereby DISMISSES it.

DATED this 26th day of November, 2007.

John C. Coughenour
United States District Judge

ORDER – 2